**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MARK GOTTSLEBEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INFORMA MEDIA, INC. f/k/a PENTON MEDIA, INC.,<br><br>Defendant. | Case No. 1:22-cv-866<br><br>Honorable Hala Y. Jarbou<br>Mag. Ray Kent |

**JOINT STATUS REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's December 6, 2022 Order (ECF No. 15), Plaintiff Mark Gottsleben ("Plaintiff") and Defendant Informa Media, Inc. F/K/A Penton Media, Inc. ("Defendant") hereby submit the following Joint Status Report.

A telephonic Rule 16 Scheduling Conference is scheduled for January 18, 2023 at 10:30 A.M., before the Honorable Ray Kent. Appearing for the parties as counsel will be:

For Plaintiff: E. Powell Miller, Philip L. Fraietta, and Frank S. Hedin.

For Defendant: Ana Tagvoryan, Harrison Brown.

## I. JURISDICTION

Plaintiff asserts that the Court has subject-matter jurisdiction over this action because the Complaint alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members. *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B).

## II. JURY OR NON-JURY

This case **is** to be tried before a jury.

## III. JUDICIAL AVAILABILITY

The Parties **do not all agree** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

## IV. STATEMENT OF THE CASE

In this putative class action, Plaintiff alleges that before July 31, 2016, Defendant (then known as Penton Media, Inc., now known as Informa Media, Inc. after changing its name in 2018), rented, exchanged, and/or otherwise disclosed its Michigan customers' detailed and personally identifiable magazine subscription records to numerous third parties, including, but not limited to, data aggregators, data appenders, data cooperatives, and list brokers. Plaintiff alleges that by renting, exchanging, and/or otherwise disclosing such personal information before July 31, 2016, without notice or consent, Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"). Accordingly, Plaintiff brought this action on behalf of himself and all similarly-situated Michigan customers to recover statutory damages, costs, and reasonable attorneys' fees.

Defendant disputes these allegations and believes there are no facts whatsoever to support the bold allegations. Plaintiff's entire case is based on the receipt of unidentified "junk mail" from unidentified third parties. Plaintiff concludes that it must be due to nefarious conduct by Informa Media's predecessor over six years ago, due to a third party's offer of subscriber lists from over a dozen publications through 2021. These allegations are insufficient to state a claim of violation of the PPPA and entitlement to its statutory damages from before the July 31, 2016

amendment to the statute. Defendant has filed a motion to dismiss, which is pending. Dkt. No. 20.

## V. PROSPECTS OF SETTLEMENT

The Parties have discussed the prospect of settlement but Plaintiff believes a settlement is not likely at this time. Plaintiff remains willing to attend a private mediation upon provision of information pertaining to the estimated size of the putative class and insurance information. Plaintiff is concerned by Defendant's statement that it "has been unable to locate records pertaining to potential class member information," and has requested (but not yet received) confirmation from Defendant's counsel that its client has satisfied (and will continue to satisfy) its document preservation obligations in this case, and that it has preserved all materials in its possession, custody, and control that have a reasonable likelihood of being discoverable in this litigation (and instructed any relevant third-party agents, vendors, or the like to do the same).

Defendant has raised the possibility of settlement but Plaintiff has not been receptive. Defendant is willing to engage in early private mediation; however, Defendant has been unable to locate records pertaining to individual class member information. In addition, the class as defined contemplates only class members who did not provide consent; however, the statute also allows for sharing of PRI with notice and an opportunity to opt out. Defendant believes its notice procedures regarding sharing of information and privacy were sufficient. There is no insurance coverage at this time.

## VI. PENDENT STATE CLAIMS

This case **does not** include pendent state claims. The only claim at issue in this case is a claim under the Michigan PPPA.

## VII. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

Plaintiff filed an amended complaint as of right pursuant to Rule 15 on December 27, 2022. The Parties do not anticipate the need to further amend the pleadings or add any additional parties at this time. The Parties expect to file all motions for joinder or parties to this action and to file all motions to amend the pleadings by **March 16, 2023**.

## VIII. DISCLOSURES AND EXCHANGES

**a.** Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. Plaintiff proposes the following schedule for Rule 26(a)(1) disclosures: The Parties shall exchange Rule 26(a)(1) initial disclosures on or before **January 19, 2023 (a proposed deadline that would already extend default 14-day rule set forth in Rule 26(a)); Defendant has articulated no grounds for the lengthy additional extension that it proposes for this routine deadline**. Defendant proposes that Initial Disclosures be exchanged one week after full briefing on the motion to dismiss the amended complaint is completed, so **February 21, 2023**.

**b.** Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by **the close of fact discovery**. Defendant expects to be able to furnish the names of Defendant's expert witnesses 30 days following Plaintiff's expert disclosure.

**c.** It **would** be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

**i.** Plaintiff's expert witness reports shall be disclosed on or before **September 20, 2023**;

**ii.** Defendant's expert witness reports shall be disclosed on or before

**October 25, 2023**.

**d.** The Parties are unable to agree on voluntary production at this time.

## IX. DISCOVERY

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The Parties propose the following schedule:

a. Plaintiff proposes that initial sets of interrogatories and requests for production of documents be served by **February 28, 2023**, and does not believe there is any legitimate reason to prohibit either party from serving initial discovery requests prior to this date, as proposed by Defendant below. Defendant proposes interrogatories and requests for the production of documents to be served on or after **February 21, 2023 in light of the fact that the parties are still currently briefing a motion to dismiss the complaint in its entirety.**.

b. Joint submission of a proposed Protective Order governing the production and exchange of confidential information by **February 15, 2023**.

c. Amendments to Complaint, including addition of additional parties, to be completed by **March 16, 2023**.

d. Document production shall be produced on a rolling basis at reasonable intervals and shall be substantially completed by **April 17, 2023**.

e. Requests to Admit to be served no later than **June 23, 2023**.

f. Fact discovery shall be completed no later than **August 25, 2023**.

Plaintiff believes that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their magazine subscription records; (ii) any written notice Defendant provided to Plaintiff and the putative Class of their right to remove their names from any

rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) the identities of any third parties that receive Defendant's customers' magazine subscription records before July 31, 2016; (iv) copies of all transmissions of customers' magazine subscription records to third parties before July 31, 2016; (v) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or disclosures at issue; (vi) any and all contracts between Defendant and Plaintiff and the putative Class; (vii) subscription and payment records of Plaintiff and the putative class; and (viii) the size and identities of the putative Class members.

Defendant believes that discovery will be needed in the following areas: Plaintiff's subscription information and records; Plaintiff's damages and the "junk mail" he received; Plaintiff's failure to opt out of any sharing for direct marketing purposes; Plaintiff's relationship and retainer agreement with counsel; Plaintiff's suitability to represent a class; counsel's adequacy to represent a class; Plaintiff's other subscriptions since January 1, 2016 to the date of the filing of the Complaint; other class member and related discovery.

## X. DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The Parties will negotiate and propose an ESI protocol on or before **February 15, 2023**.

## XI. ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION

The Parties agree to abide by the Federal Rules of Evidence with respect to assertion of claims of privilege or work-product immunity after production.

## XII. MOTIONS

The Parties acknowledge that W.D. Mich. Local Civil Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are currently contemplated by each party:

Plaintiff: A motion for class certification and a motion for summary judgment.

Defendant: Motion for Judgment on the Pleadings; Motion for Summary Judgment; Motion to Deny Certification.

The Parties propose the following briefing schedule for Plaintiff's Motion for Class Certification:

Plaintiff will file his motion for class certification on or before **September 29, 2023**;

Defendant will file its opposition to Plaintiff's motion for class certification on or before **November 17, 2023**;

Plaintiff will file his reply in support of his motion for class certification on or before **December 16, 2023.**

Plaintiff proposes that the parties shall meet and confer on a briefing schedule for summary judgment motions after a decision on the motion for class certification.

## XIII. ALTERNATIVE DISPUTE RESOLUTION

The parties will schedule a private mediation to occur as soon as possible.

## XIV. LENGTH OF TRIAL

Counsel estimate the trial will last approximately 4-6 days total, allocated as follows: 2-3 days for Plaintiff's case, 2-3 days for Defendant's case.

**XV. ELECTRONIC DOCUMENT FILING SYSTEM.**

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner

**XVI. OTHER**

If discovery moves forward, the Parties are cognizant of this District's preference to conduct discovery in 6 months or less, and the Parties have proposed a schedule designed to conduct all fact discovery in 6 months accordingly. However, given the complex nature of this case, and that it is a putative class action, the Parties believe 6 months is likely too ambitious. The Parties therefore would like to discuss an enlarged schedule with the Court at the upcoming Rule 16 Scheduling Conference.

Dated: January 13, 2023

Respectfully submitted,

*/s/ E. Powell Miller*

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
William Kalas (P82113)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200

epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
wk@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Attorneys for Plaintiff*

Dated: January 13, 2023

Respectfully submitted,

/s/ *Ana Tagvoryan w/permission*

BLANK ROME LLP
Ana Tagvoryan
ana.tagvoryan@blankrome.com
Harrison Brown
harrison.brown@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel.: 424.239.3400
Fax: 424.239.3434

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com