# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK GOTTSLEBEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INFORMA MEDIA, INC. F/K/A PENTON MEDIA, INC.,<br><br>Defendant. | Case No. 22-cv-00866-HYJ-RSK<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL

## QUESTIONS PRESENTED

1. Should Defendant be ordered to produce any nonprivileged documents and information that are being withheld as a result of its objection that discovery is premature pending a ruling on a motion to dismiss?

    **Plaintiff Answers: Yes.**

2. Should Defendant be ordered to produce any nonprivileged documents and information responsive to Request for Production No. 2 and Interrogatory No. 15?

    **Plaintiff Answers: Yes.**

3. Should the Defendant be ordered to produce any nonprivileged documents that are being withheld as a result of its objection that discovery is limited to the Farm Progress/Michigan Farmer line of magazines?

    **Plaintiff Answers: Yes.**

4. Should Defendant be compelled to amend its Rule 26 disclosures and Interrogatory responses to identify more than one person with knowledge of the central events of this case?

    **Plaintiff Answers: Yes.**

5. Should Defendant be compelled to instruct all relevant third parties, including those to whom it may have transmitted customer data during the relevant time period, to institute litigation holds and preserve all documents and information?

    **Plaintiff Answers: Yes.**

6. Should Defendant be ordered to produce a privilege log that details all of the otherwise responsive documents that Defendant has withheld from production pursuant to any claim of privilege, immunity, doctrine, or the like (with sufficient information for Plaintiff to understand the nature of the documents being withheld and the basis for the refusal to produce such documents)?

    **Plaintiff Answers: Yes.**

## MOST CONTROLLING AUTHORITY

- *NAB Holdings, LLC v. Cloudmybiz*, 2020 WL 12738918 (E.D. Mich. Nov. 20, 2020)
- *Jagielo v. Van Dyke Pub. Sch.*, 2010 WL 259053 (E.D. Mich. Jan. 20, 2010)
- *Reich v. Pierce*, 45 F.3d 431 (6th Cir. 1994)
- Fed. R. Civ. P. 26
- Fed. R. Civ. P. 33(b)(4)
- Fed. R. Civ. P. 34(b)(2)(B)
- Fed. R. Civ. P. 34(b)(2)(C)

# TABLE OF CONTENTS

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.....................1

II. DEFENDANT'S UNILATERAL ATTEMPT TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS, EVEN THOUGH THE COURT HAS ALREADY ORDERED DISCOVERY TO PROCEED WHILE THE MOTION IS PENDING SHOULD BE SUMMARILY REJECTED.............4

III. DEFENDANT'S "GENERAL" AND BOILERPLATE OBJECTIONS FAIL TO ARTICULATE THE BASIS FOR THEM WITH ANY SPECIFICITY, OR EVEN IDENTIFY WHETHER ANY DOCUMENTS ARE BEING WITHELD PURSUANT TO THEM..........................................................................5

IV. DEFENDANT'S REFUSAL TO SEARCH FOR OR PRODUCE CONTRACTS WITH THIRD PARTY COMPANIES PERTAINING TO ITS TRANSMISSIONS OF CUSTOMER DATA IS IMPROPER..............................................................7

V. DISCOVERY IS NOT LIMITED TO MICHIGAN FARMER OR THE FARM PROGRESS LINE OF PUBLICATIONS..............................................................9

VI. DEFENDANT'S RESPONSES AND OBJECTIONS AND RULE 26(A)(1) DISCLOSURES ONLY IDENTIFY ONE INDIVIDUAL WITH KNOWLEDGE OF ANY OF THE FACTS OF THIS CASE.........................................................13

VII. DEFENDANT MUST IMMEDIATELY NOTIFY ALL RELEVANT THIRD PARTIES INCLUDING THOSE TO WHOM IT MAY HAVE TRANSMITTED CUSTOMER DATA DURING THE RELEVANT PERIOD, TO INSTITUTE LITIGATION HOLDS AND PRESERVE ALL DOCUMENTS AND INFORMATION...........................................................................................14

VIII. GIVEN DEFENDANT'S FAILURE TO PROVIDE A PRIVILEGE LOG, THE COURT SHOULD DEEM WAIVED ITS ASSERTIONS OF ANY PRIVILEGE, IMMUNITY, DOCTRINE, OR THE LIKE AS A BASIS FOR WITHHOLDING RESPONSIVE DOCUMENTS, OR, ALTERNATIVELY, SHOULD ORDER DEFENDANT TO PRODUCE A PRIVILEGE LOG FORTHWITH.......................................................................................16

IX. CONCLUSION...........................................................................................18

# TABLE OF AUTHORITIES

## Cases

*AFT Michigan v. Project Veritas*,
294 F. Supp. 3d 693 (E.D. Mich. 2018) ....................5
*Boelter v. Hearst Commcn's, Inc.*,
269 F. Supp. 3d 172 (S.D.N.Y. 2017) ....................8
*Bozung v. Christianbook*,
Case No. 1:22-cv-00304 (W.D. Mich.) ....................4
*Carhartt, Inc. v. Innovative Textiles, Inc.*,
333 F.R.D. 118 (E.D. Mich. 2019) (Whalen, M.J.) ....................17
*Catrinar v. Wynnestone Communities Corp.*,
2016 WL 1084687 (E.D. Mich. Mar. 21, 2016) ....................17
*Coulter-Owens v. Time, Inc.*,
308 F.R.D. 524 (E.D. Mich. 2015) ....................8
*Coulter-Owens v. Time, Inc.*,
695 F. App'x 117 (6th Cir. 2017) ....................8, 9
*Edwards v. Hearst Communications, Inc.*,
Case No. 15-cv-09279-AT-JLC (S.D.N.Y.) ....................11
*Fallick v. Nationwide Mut. Ins. Co.*,
162 F.3d 410 (6th Cir. 1998) ....................10
*J.S.T. Corp. v. Robert Bosch LLC*,
2019 WL 2324488 (E.D. Mich. May 30, 2019) ....................15
*Jagielo v. Van Dyke Pub. Sch.*,
2010 WL 259053 (E.D. Mich. Jan. 20, 2010) .................... 16, 18
*NAB Holdings, LLC v. Cloudmybiz*,
2020 WL 12738918 (E.D. Mich. Nov. 20, 2020) ....................6
*United States v. Dakota*,
188 F.3d 663 (6th Cir. 1999) ....................16
*Victor Stanley, Inc. v. Creative Pipe, Inc.*,
269 F.R.D. 497 (D. Md. 2010) ....................15

**Rules**

Fed. R. Civ. P. 26(b)(5) ........ 16, 18
Fed. R. Civ. P. 26(f) ........ 1
Fed. R. Civ. P. 33 ........ 2
Fed. R. Civ. P. 33(b)(4) ........ 6
Fed. R. Civ. P. 34 ........ 2
Fed. R. Civ. P. 34(b) ........ 16
Fed. R. Civ. P. 34(b)(2)(B) ........ 6
Fed. R. Civ. P. 34(b)(2)(C) ........ 6

Plaintiff moves to compel Defendant to produce all responsive, non-privileged documents in response to Plaintiff's Requests for Production and provide substantive responses to Plaintiff's First Set of Interrogatories.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on September 19, 2022, filing a Class Action Complaint. ECF No. 1. On December 5, 2022, Defendant responded to the Class Action Complaint by moving to dismiss pursuant to Rule 12(b)(6). ECF No. 14. On December 27, 2022, Plaintiff filed a First Amended Class Action Complaint (the "FAC") as of right pursuant to Rule 15. ECF No. 16. On January 10, 2023, Defendant filed a motion to dismiss the FAC pursuant to Rule 12(b)(6). ECF No. 20. That motion has been fully briefed since March 7, 2023.

The Court has ordered that the case move forward while Defendant's motion to dismiss is pending, and to that end, on December 6, 2022, the Court issued an Order setting a Rule 16 scheduling conference and requiring the submission of a Rule 26(f) Report. ECF No. 15. In accordance with that Order, on January 13, 2023, the Parties filed a Joint Status Report pursuant to Rule 26(f). ECF No. 21. Thereafter, the Parties participated in a Rule 16 scheduling conference wherein Magistrate Judge Kent adopted a Case Management Order. *See* ECF No. 23.

Consistent with the Court's intention to have this case, including discovery, move forward in an expeditious fashion, on January 18, 2023, immediately after the

Rule 16 scheduling conference, Plaintiff served his First Set of Requests for Production and First Set of Interrogatories. **Exhibits 1, 2**. Although Rules 33 and 34 required Defendant to respond to Plaintiff's First Set of Requests for Production and First Set of Interrogatories within 30 days—i.e., on or before February 17, 2023—on February 17, 2023, Defendant's counsel requested an extension until February 22, 2023, to respond to the requests. Plaintiff's counsel accommodated that request.

On February 22, 2023, Defendant served its Objections and Responses to Plaintiff's First Set of Requests for Production and Interrogatories. The Objections and Responses are replete with boilerplate objections and included production of just a single document. **Exhibits 3, 4**.

Promptly[1] upon receiving the Responses and Objections, Plaintiff's counsel sought a meet-and-confer teleconference and as described above, that conference was conducted on March 8, 2023. On that conference, Plaintiff's counsel identified six primary deficiencies:

1. The Responses and Objections impermissibly include "General Objections" and fail to indicate whether any responsive materials are being withheld on the basis of the objections;

2. The Responses and Objections incredibly object to Requests for Production No. 2 and Interrogatory No. 15, which pertain to contracts

---

[1] On February 17, 2023, the Court granted a proposed stipulation and order to stay the case pending a March 2, 2023 private mediation, staying the case until March 3, 2023. ECF No. 28. The mediation was unsuccessful. Plaintiff's counsel sought Defendant's counsel's availability for a meet-and-confer telephone call immediately thereafter on March 3, 2023.

or other agreements Defendant had with third parties relating to the transmission of its customer data, as "not reasonably tailored to lead to the discovery of admissible relevant evidence and as phrased … disproportional to the needs of the case;"

3. The Responses and Objections repeatedly object on the ground that the Request or Interrogatory is not "limited to the Farm Progress/Michigan Farmer line of magazines;"

4. The Responses and Objections, as well as Defendant's Rule 26(a)(1) disclosures[2], only identify one individual with knowledge regarding the facts of this case;

5. Defendant did not indicate whether it has informed all relevant third parties, including those to whom it may have transmitted customer data during the relevant time period, to institute litigation holds and preserve all documents and information; and

6. Defendant failed to produce a privilege log despite levying privileged-based objections.

Defendant's counsel agreed to take these issues back to the client for further consideration; counsel agreed to reconvene on March 15, 2023. On that call, Defendant's counsel confirmed that the parties were at an impasse on the six deficiencies above. Additionally, Defendant's counsel added a new objection: that discovery should be stayed pending resolution of its motion to dismiss, despite the Court having ordered discovery to go forward during the pendency of the motion to dismiss.

Later that evening, Defendant's counsel emailed Plaintiff's counsel that

---

[2] Defendant served its Rule 26(a)(1) disclosures on March 7, 2023 (four days after the Court's March 3, 2023 deadline (ECF No. 23)). *See* **Exhibit 5**.

Defendant would list "an additional witness" in its Rule 26(a)(1) disclosures and in response to Interrogatory No. 1, and that it would produce contracts with third parties pertaining to list rentals and only to the extent it encompassed Michigan subscriber information for the Farm Progress line of publications.

Defendant's gamesmanship appears intended to obstruct Plaintiff from gathering the discovery he needs to effectively prosecute this case, including to ensure compliance with the discovery timeline set in the Court's scheduling order and to potentially move to amend his FAC should the Court find an amendment necessary. *See, e.g.*, *Bozung v. Christianbook*, No. 1:22-cv-00304 PageID.1663-1727. Defendant's efforts to stonewall the prosecution of this case are transparent, and should not be tolerated by the Court. Defendant should be compelled, by March 31, 2023, to amend its Responses and Objections to Plaintiff's First Set of Requests for Production and Interrogatories, produce all non-privileged, responsive documents and a privilege log, and provide substantive responses to the interrogatories.

## II. DEFENDANT'S UNILATERAL ATTEMPT TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS, EVEN THOUGH THE COURT HAS ALREADY ORDERED DISCOVERY TO PROCEED WHILE THE MOTION IS PENDING SHOULD BE SUMMARILY REJECTED

On the March 15, 2023 meet-and-confer call, Defendant's counsel indicated that Defendant would be making a motion to stay discovery pending resolution of

its motion to dismiss, and that discovery should be stayed, or at least limited, due to that motion. However, it is "well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery." *AFT Michigan v. Project Veritas*, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018). And here, the Court sensibly directed that discovery commence notwithstanding the pendency of Defendant's motion to dismiss. *See* ECF No. 15 (order setting Rule 16 scheduling conference); ECF No. 23 (Case Management Order). While Defendant is free to make a motion to stay discovery – which Plaintiff would oppose in due course – it may not unilaterally stay discovery in anticipation of that motion.

This objection should be summarily overruled, and Defendant should be ordered to produce all responsive documents and substantive interrogatory responses, and a privilege log concerning any documents it withholds from protection on attorney-client privilege or work-product protection grounds, by March 31, 2023.

## III. DEFENDANT'S "GENERAL" AND BOILERPLATE OBJECTIONS FAIL TO ARTICULATE THE BASIS FOR THEM WITH ANY SPECIFICITY, OR EVEN IDENTIFY WHETHER ANY DOCUMENTS ARE BEING WITHELD PURSUANT TO THEM

Defendant's Responses and Objections impermissibly include "General Objections" and are replete with boilerplate objections, fail to articulate with any specificity the basis for any of these objections, and fail to identify whether any documents are being withheld pursuant to these objections. That is improper.

Pursuant to Rule 34(b)(2)(B), a proper objection may only be levied for "each item or category" and must "state with specificity the grounds for objecting to the request." Moreover, a proper objection must "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C); *see also* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). Thus, Courts have stricken so-called "General Objections," like those at issue here. *See, e.g.*, *NAB Holdings, LLC v. Cloudmybiz*, 2020 WL 12738918, at *1 (E.D. Mich. Nov. 20, 2020) (striking objections and ordering production by a date certain where the responding party "relied on general objections that violated the specificity requirements of Federal Rule of Civil Procedure 33(b)(4) and 34(b)(2)(C).").

The Federal Rules require parties to respond to discovery in good faith. Reciting nearly identical objections with no substantive responses or responsive documents to each and every discovery request is not good faith. Reciting nearly identical objections that do not specify the basis for the objections to a particular document request is not good faith. Reciting nearly identical objections that do not indicate whether any responsive documents exist and are being withheld pursuant to those objections is not good faith.

Defendant is thus refusing to conduct discovery in this case in good faith. But this Court need not go along. Defendant should be ordered to produce all responsive

documents and substantive interrogatory responses, and a privilege log concerning any documents it withholds from protection on attorney-client privilege or work-product protection grounds, by March 31, 2023.

## IV. DEFENDANT'S REFUSAL TO SEARCH FOR OR PRODUCE CONTRACTS WITH THIRD PARTY COMPANIES PERTAINING TO ITS TRANSMISSIONS OF CUSTOMER DATA IS IMPROPER

The central allegation in this case is that Defendant disclosed its customers' Private Reading Information to third parties without consent in violation of the Michigan PPPA. To that end, Plaintiff's Request for Production No. 2 requests:

> All documents and communications that refer to, reflect or relate to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who subscribed at any point to any INFORMA MEDIA, including but not limited to all contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to [listing examples].

Ex. 1, Request No. 2. Plaintiff's Interrogatory No. 15, similarly requests the identify of all persons with knowledge of the same. Ex. 2, Interrogatory No. 15. Incredibly, Defendant objected to the requests as "not reasonably tailored to lead to the discovery of admissible relevant evidence and as phrased is disproportional to the needs of the case." Ex. 3, Response No. 2; Ex. 4, Response No. 15. But of course, these contracts and agreements govern the alleged disclosures at issue and are central to the case. *See, e.g.*, *Boelter v. Hearst Commcn's, Inc.*, 269 F. Supp. 3d 172, 180

(S.D.N.Y. 2017) (granting summary judgment for plaintiff in a PPPA case and describing defendant's contracts with relevant third parties); *Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524, 528 (E.D. Mich. 2015) (granting plaintiff's motion for class certification in a PPPA case and describing defendant's relationships with third party data companies). And worse yet, on the March 8 and 15 meet-and-confer calls, Defendant's counsel refused to identify whether any such contracts existed, and seemingly had not bothered to even investigate.

Defendant's eleventh-hour offer to produce contracts regarding list rentals does not resolve this issue. First, list rentals are only a subset of the potentially actionable disclosures at issue here. As the FAC alleges, Defendant disclosed its customer's Private Reading Information to a variety of third parties, including data aggregators, data appenders, and data cooperatives. Defendant must produce its contracts with these entities and any others to whom it transmitted its customers' Private Reading Information during the class period. *See, e.g.*, *Boelter*, 269 F. Supp. 3d at 180, 201-02, 206-07 (granting summary judgment for plaintiff in a PPPA case based on defendant's transmissions of customer data to data aggregators, appenders, and cooperatives). Indeed, the Sixth Circuit has identified transmissions to data appenders, aggregators, and cooperatives as problematic under the PPPA:

> Just to be clear before moving on, Coulter-Owens is not complaining about Time's selling her information under its "list rental business," which would fall within the "direct marketing exception" of § 1713(d). Coulter-Owens

> is suing Time for submitting this order information (name, address, and magazine choice) into Acxiom's and Wiland's giant stew of personal information already in their possession, such as her gender, race, age, education, employment, political affiliation, hobbies, etc., furthering a larger dossier on her. For example, Time submits her name, current address, and that she just subscribed to Time magazine, and gets back (hypothetically) a dossier of her age, gender, race, education level, employment history, or other hobbies and interests. With this information, Time places her on a specific list that it can sell to a business, charity, or political group interested in people with her same interests. It is this disclosure of her magazine-subscription information that she claims violates the PPPA.

*Coulter-Owens*, 695 F. App'x 117, 120 (6th Cir. 2017).

Second, as described below, Defendant's offer is impermissibly limited to the Farm Progress line of publications, even though this case concerns all of Defendant's publications.

Defendant should be ordered to produce all responsive documents to Request No. 2 and a substantive response to Interrogatory No. 15, and a privilege log concerning any documents it withholds from protection on attorney-client privilege or work-product protection grounds, by March 31, 2023.

## V. DISCOVERY IS NOT LIMITED TO *MICHIGAN FARMER* OR THE FARM PROGRESS LINE OF PUBLICATIONS

The Responses and Objections repeatedly object to the Requests and Interrogatories as "overbroad" to the extent they are "not limited to Michigan Farmer/Farm Progress subscribers." *See generally* Exs. 3, 4. That is improper.

In the Sixth Circuit, "[o]nce [the named plaintiffs'] standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). And contrary to Defendant's position on this dispute, Rule 23 does not require that unnamed class members be identically situated to a named plaintiff, but rather explicitly contemplates a named plaintiff proceeding on behalf of others *similarly* situated. For instance, the Sixth Circuit has held in an analogous context that "an individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans." *Fallick*, 162 F.3d at 422.

Here, similar to *Fallick*, Plaintiff is properly seeking to represent a class comprised of, generally speaking, all Michigan residents whose personal reading information – i.e., information pertaining to a purchase of *any publication* from Defendant (including purchases of publications "other than [Plaintiff's] own") – was disclosed to a third party pursuant to the same "general practices" of the Defendant (including in the same disclosure file). *See Fallick*, 162 F.3d at 422; FAC ¶ 57 ("Plaintiff seeks to represent a class defined as all Michigan residents who, at any point during the relevant pre-July 31, 2016 period, had their Private Reading

Information disclosed to third parties by Informa without consent.”). This is appropriate because there is plainly no material distinction between Defendant’s disclosure of information concerning a purchase of one of its publications versus a purchase of another of its publications – especially since, as the FAC alleges Defendant sold, rented, and otherwise disclosed to third parties lists containing the information of *all* of the Michigan-resident purchasers of all of its publications. *See, e.g.*, FAC ¶¶ 2-9, 13-16; 49-52 (alleging that Defendant uniformly disclosed its customers’ Personal Reading Information across all of its publications without consent); FAC, Ex. A (datacard titled “US Agriculture Masterfile (formerly Agbase) from Informa Mailing List” and including over twenty publication titles). Accordingly, Plaintiff should not be restricted to obtaining discovery concerning only *Michigan Farmer* or the “Farm Progress line of publications,” but rather must be permitted to seek discovery concerning all of Defendant’s publications from the relevant period, including the Michigan-resident customer files and transmission-related data (exchanged with any third parties) pertaining to purchases of any of Defendant’s publications.

Analogous discovery disputes have been resolved in Plaintiff’s favor in other PPPA putative class actions against magazine publishers. For example, in *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT-JLC (S.D.N.Y.), the defendant had allegedly made unlawful disclosures of the plaintiff’s and the putative

class's personal reading information to a variety of third-party data companies. *See Hearst*, 269 F. Supp. 3d at 180-83. The named plaintiff prevailed on summary judgment regarding the disclosures to some of the third-party data companies, while the defendant prevailed on others. *See id.* at 201-02 (plaintiff prevailed on disclosures to Experian); *id.* at 202-04 (defendant prevailed on disclosures to "Company 1"); *id.* at 204-05 (defendant prevailed on disclosures to "Company 2"); *id.* at 206-07 (plaintiff prevailed on disclosures to "Company 3").[3] In Phase II discovery, the defendant objected to plaintiff's discovery requests related to Company 1 and 2, but the Court overruled that objection. *See* **Exhibit 7**, 10/26/17 Hrg. Tr.; 1:15-cv-09279, at 20:8-23. As the Court held, "the issue is whether the harm that the plaintiff suffered from disclosure to Experian is the same as the harm that some other class member suffered from disclosure to company 1 or company 2 or company 3. And by the way, company 4, 5, 6 and 7, same thing. It doesn't matter who the recipient is. What matters is, are they within the class as we pled it?" *Id.* at 20:10-16; *see also id.* at 13:10-18 ("THE COURT: That's a Rule 23 argument.

[3] Discovery in the *Hearst* case was phased such that Phase I discovery was limited to the claims of the named plaintiffs, and Phase II concerned the claims of the putative class. *See* **Exhibit 6**, *Edwards*, ECF No. 40 ¶ 5. At the conclusion of Phase I discovery, both parties made motions for summary judgment, and Phase II discovery commenced after the Court rendered a decision on those motions. *See Hearst*, 269 F. Supp. 3d at 207. Numerous discovery disputes arose during Phase I discovery concerning whether particular discovery requested by the plaintiffs was Phase I discovery or Phase II discovery – a result that will be avoided here due to the Court's sensible decision not to bifurcate discovery.

That's not a Rule 26 argument. . . . [Y]ou want me to tie the plaintiff's hands behind their back in order for them to try and make the arguments that they want to make, and I'm disinclined to do that.").

The same logic applies here. Whether Plaintiff may ultimately represent class members who subscribed to all of Defendant's publications, just the Farm Progress line of publications, or just *Michigan Farmer*, is a Rule 23 issue, not a Rule 26 issue. Accordingly, Plaintiff is entitled to discovery regarding all of Defendant's publications, not just the Farm Progress line of publications, and the Court should overrule Defendant's objection and order it to produce all responsive documents and substantive interrogatory responses, and a privilege log concerning any documents it withholds from protection on attorney-client privilege or work-product protection grounds, by March 31, 2023.

## VI. DEFENDANT'S RESPONSES AND OBJECTIONS AND RULE 26(A)(1) DISCLOSURES ONLY IDENTIFY ONE INDIVIDUAL WITH KNOWLEDGE OF ANY OF THE FACTS OF THIS CASE

The Responses and Objections and Defendant's Rule 26(a)(1) disclosures only identify one individual with knowledge regarding the facts of this case: Sarah Hess. *See generally* Exs. 3-5. Defendant identifies Ms. Hess as the Senior Director of Operations for Farm Progress at Informa Media, Inc. Ex. 5. The notion that there is only one individual at the entire company who has any knowledge of the facts regarding this case is absurd on its face, as Ms. Hess obviously does not work in her

department alone. But it also belied by the FAC, which quotes numerous Informa personnel throughout. *See* FAC ¶¶ 4-6. Most egregiously, Defendant failed to identify Jennifer Shumar, its Senior Director of Audience Data & Strategy, who states that she was "[r]esponsible for supervision, management and administration of [a] 16mm record database supporting company-wide list rental and lead generation programs for clients in 17 vertical markets," during the relevant pre-July 31, 2016 period. **Exhibit 8** (Shumar Resume). Ms. Shumar additionally lists "data transfer" as one of her "specialties." *Id.*

While Plaintiff was able to identify Ms. Shumar through his counsel's investigation there is no telling how many other obviously relevant fact witnesses are being withheld by Defendant. And Defendant's eleventh-hour offer to identify one additional fact witness does not resolve the issue. The Court should compel Defendant to amend its Rule 26(a)(1) disclosures and interrogatory responses and identify all relevant fact witnesses by March 31, 2023.

## VII. DEFENDANT MUST IMMEDIATELY NOTIFY ALL RELEVANT THIRD PARTIES INCLUDING THOSE TO WHOM IT MAY HAVE TRANSMITTED CUSTOMER DATA DURING THE RELEVANT PERIOD, TO INSTITUTE LITIGATION HOLDS AND PRESERVE ALL DOCUMENTS AND INFORMATION

Defendant has refused to indicate whether it has instructed all relevant third parties to preserve all documents and information or when it will do so. In the "Sixth Circuit[], the preservation duty applies not only when the evidence is in the party's

control; there is also a duty to notify the opposing party of evidence in the hands of third parties." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010); *see also J.S.T. Corp. v. Robert Bosch LLC*, 2019 WL 2324488, at *8 (E.D. Mich. May 30, 2019) ("[C]ourts in this district have sanctioned parties for failing to ensure the preservation of information in the possession, custody, or control of a third party where the party had a special relationship with the third party or unique circumstances demanded preservation."). That is especially true where, as here, those third parties are entities with whom Defendant enjoyed a business relationship concerning the transmission of its customers' data, and entities that are unknown to Plaintiff because Defendant refuses to produce its contracts with them. *See supra* Section IV. Moreover, the documents and information at issue here are over six years old. Evidence disappears with time, so preservation is even more important here.

On the March 15, 2023 meet-and-confer call, Defendant's counsel indicated that Defendant was "in the process" of instructing third parties to preserve all documents and information, but would not provide a timeframe by which it will do so. It must do so immediately to ensure that evidence is not lost.

## VIII. GIVEN DEFENDANT'S FAILURE TO PROVIDE A PRIVILEGE LOG, THE COURT SHOULD DEEM WAIVED ITS ASSERTIONS OF ANY PRIVILEGE, IMMUNITY, DOCTRINE, OR THE LIKE AS A BASIS FOR WITHHOLDING RESPONSIVE DOCUMENTS, OR, ALTERNATIVELY, SHOULD ORDER DEFENDANT TO PRODUCE A PRIVILEGE LOG FORTHWITH

Defendant has asserted the attorney-client privilege and work-product protection as a basis for refusing to produce documents responsive to several of Plaintiff's document requests, while also failing to provide Plaintiff a privilege log detailing the basis for those assertions and describing the withheld materials. Rule 34(b) expressly forbids this sort of gamesmanship, and the Court should not tolerate it. All of Defendant's assertions of privilege, work-product protection, and the like should be deemed waived and Defendant should be ordered to produce all materials it has withheld pursuant to those assertions. Alternatively, Defendant should be ordered to produce, forthwith, a privilege log in compliance with Rule 34(b).

"Under Fed. R. Civ. P. 34(b), any objection to a request to produce, including an objection based on a claim of privilege, must be made within 30 days of service of the request to produce." *Jagielo v. Van Dyke Pub. Sch.*, 2010 WL 259053, at *2 (E.D. Mich. Jan. 20, 2010). "Failure to make a timely privileged-based objection, accompanied by a privilege log required by Fed. R. Civ. P. 26(b)(5), constitutes a waiver of the objection." *Id*. Indeed, "the burden of establishing the existence of the privilege rests with the person asserting it." *Id*. (quoting *United States v. Dakota*, 188 F.3d 663, 667 (6th Cir. 1999)).

Courts have recognized that a privilege log is required whenever a party withholds documents based on a privilege, doctrine, immunity, or the like. *See Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118, 119 (E.D. Mich. 2019) (Whalen, M.J.). With respect to assertions of the attorney-client privilege in particular, the privilege log must include: "[1] the nature of the communication, [2] identify the parties to the communication including carbon copies, by name, title and employer, [3] identify the attorney(s) on the communication, [4] the purpose of the communication and [5] whether or not it sought and/or conveyed legal advice." *Carhartt*, 333 F.R.D. at 120. But regardless of the type of privilege, immunity, doctrine or the like being asserted, "[e]ach document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *Id*.

Here, Defendant has generally stated that it "objects to the extent th[e] request seeks attorney-client privilege communications and attorney-work product," and includes a so-called "General Objection" reciting the same. *See* Exs. 3, 4. But Defendant has produced no privilege log. Because Defendant has both presumably withheld responsive documents based on its assertions of attorney-client privilege and the work-product protection doctrine *and* failed to provide Plaintiff with a privilege log detailing the nature of those withheld documents and the basis for their

withholding, Defendant has waived its right to withhold these responsive documents and the Court should order them produced within seven days. *See Jagielo*, 2010 WL 259053, at *2 ("Failure to make a timely privileged-based objection, accompanied by a privilege log required by Fed. R. Civ. P. 26(b)(5), constitutes a waiver of the objection."). To the extent this Court allows a limited assertion of privilege, however, the Court should compel Defendant to produce a privilege log by March 31, 2023.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be granted in its entirety. The Court should: (i) overrule Defendant's Objections; and (ii) compel Defendant to amend its Responses and Objections to Plaintiff's First Set of Requests for Production and Interrogatories and produce all non-privileged, responsive documents and provide substantive responses to the interrogatories by March 31, 2023.

Dated: March 16, 2023

Respectfully Submitted,

*/s/ E. Powell Miller*

E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese (P85862)
Philip L. Fraietta (P85228)
**BURSOR & FISHER, P.A.**

888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(i)-(ii)**

Exclusive of the exempted portions pursuant to W.D. Mich. LCivR 7.3(b)(i)-(ii), Plaintiff's Brief in Support of Motion to Compel contains 4,279 words, in compliance with the four thousand three hundred (4,300) word count limit, as taken from Microsoft Word version 2017.

Dated: March 16, 2023

Respectfully,

*/s/ E. Powell Miller*

E. Powell Miller (P39487)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com