# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK GOTTSLEBEN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>INFORMA MEDIA, INC. F/K/A PENTON MEDIA, INC.,<br><br>                Defendant. | CASE NO. 1:22-cv-00866-HYJ-RSK<br>CLASS ACTION<br><br>Chief Judge Hala Y. Jarbou<br>Magistrate Judge Ray Kent |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT INFORMA MEDIA, INC.'S MOTION TO STAY DISCOVERY</u>**

130837209

## **TABLE OF CONTENTS**

**Page**

| | | | |
|---|---|---|---|
| **I.** | Introduction | | 1 |
| **II.** | Factual AND PROCEDURAL Background | | 2 |
| **III.** | Legal Standard | | 3 |
| **IV.** | Argument | | 4 |
| | **A.** | A CASE DISPOSITIVE DECISION IS MORE LIKELY THAN NOT | 4 |
| | **B.** | FURTHER DISCOVERY CANNOT CURE PLAINTIFF'S PLEADING DEFICIENCIES | 5 |
| | **C.** | PLAINTIFF WILL NOT BE PREJUDICED, LET ALONE "*SUBSTANTIALLY*" PREJUDICED BY A DISCOVERY STAY | 6 |
| **V.** | Conclusion | | 6 |

130837209

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Catalina Structured Funding, Inc.*,
no. 1:21-cv-197, 2021 WL 9000112 (W.D.Mich. July 1, 2021) ..................................................4

*Barata v. Nudelman, Klemm & Golub, P.C.*,
No. CIV. 2:13-4274 KM, 2015 WL 733628 (D.N.J. Feb. 19, 2015)..........................................5

*Bell Atlantic v. Twombly.*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)............................................................6

*Bozung v. Christianbook, LLC.*,
No. 1:22-CV-304, 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023)..................................3, 4, 5

*Cochran v. United Parcel Servs., Inc.*,
137 F. App'x 768 (6th Cir. 2005) ................................................................................................4

*DelValle v. Informa Media, Inc.*,
No. 22-00132 (W.D. Mich)..........................................................................................................2

*Fluresh, LLC v. Aerco International, Inc., and R.L.Deppman*,
1:22-cv-293 .................................................................................................................................4

*Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund.*,
349 F.3d 300 (6th Cir. 2003) ......................................................................................................3

*Giovanelli v. D. Simmons Gen. Contracting.*,
No. CIV.A 091082NLHAMD, 2010 WL 988544 (D.N.J. Mar.15, 2010) ...............................5

*Grenke v. Hearst Commc'ns, Inc.*,
No. 12-cv-14221, 2014 WL 6909883 (E.D. Mich. Dec. 8, 2014) .............................................4

*Han v. Star Bank.*,
190 F.3d 708 (6th Cir. 1999) ......................................................................................................3

*Morales v. Pressler & Pressler LLP.*,
No. CIV.A. 15-236 JLL, 2015 WL 1736350 (D.N.J. Apr. 16, 2015).........................................6

*Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*,
70 F.3d 422 (6th Cir. 1995) ........................................................................................................3

*Ohio Bell Telephone Co. v. Global NAPs Ohio.*,
2008 WL 641252 (S.D.Ohio March 4, 2008) ............................................................................4

130837209

*Serenity Point Recovery, Inc. v. Blue Cross Blue Shield of Michigan.*,
   No. 1-19-CV-620, 2021 WL 5710724 (W.D. Mich. Apr. 8, 2021) ........................................... 4

*Smith v. BAC Home Loans Servicing, LP*,
   552 F.App'x 473 (6th Cir. 2014) ................................................................................................ 5

*Smith v. BAC Home Loans Servicing, LP.*,
   552 F.App'x 476 (6th Cir. 2014) ................................................................................................ 1

**Other Authorities**

Fed.R.Civ.P. 1 ..................................................................................................................................... 5

Fed.R.Civ.P. 12(b)(6) ......................................................................................................................... 3

Fed.R.Civ.P. 26(c)(1) ..................................................................................................................... 2, 3

Rule 8 ................................................................................................................................................. 5

Rules 8 and 11 .................................................................................................................................... 5

130837209

**I.     INTRODUCTION.**

The Court has[1] pending before it *seven* class action lawsuits filed by the plaintiff's attorneys herein arising out of their purported knowledge of the publishing industry and online advertisements by a single third-party list broker, NextMark, which they claim support their clients' otherwise bare, conclusory allegations against the publishers that their clients' personal information and subscriptions were disclosed to third party marketers without notice. The plaintiffs' attorneys have been relentless in their quest for voluminous discovery from the defendants pending viable motions to dismiss, which the Court is diligently reviewing. So much so that, even after a Complaint in one of these cases was dismissed as insufficiently pled, the plaintiff's counsel used documents obtained in discovery to file what amounts to a motion for reconsideration regarding the amendment. This tactic is patently inappropriate—*see Smith v. BAC Home Loans Servicing, LP*, 552 F.App'x 476 (6th Cir. 2014)—and Plaintiff Gottsleben herein ("Plaintiff") has doubled down on his discovery attempts in the instant action, presumably because he sees the writing on the wall with respect to his own Complaint.[2] In fact, after Defendant Informa Media, Inc. ("Defendant" or "Informa") informed counsel that it would be moving to stay discovery pending its motion to dismiss, Plaintiffs' counsel immediately threatened and then filed a motion to compel discovery, including on issues that counsel never raised during its discovery meetings with defense counsel. Informa thus respectfully requests that the Court stay discovery

---

[1] Some may have settled since commencement.

[2] In this case, Plaintiff had been a subscriber of Michigan Farmer since 1998 and never opted out of direct marketing. His Complaint is only that he experienced an uptick in "junk mail" but otherwise cannot allege a single fact that would support his claim that his information was disclosed to third party advertisers during the four-month perceived limitations period between April and July 2016.

1

130837209

pending a decision on its motion to dismiss (*see* ECF no. 20 and 22 [the "Reply"]) (collectively, the "Motion to Dismiss"), pursuant to its discretion and Fed.R.Civ.P. 26(c)(1).

## II.     FACTUAL AND PROCEDURAL BACKGROUND.

To avoid repetition, Informa refers the Court to its Motion to Dismiss for a full recitation of the disputed allegations. In sum, Plaintiff brought this generic case against Informa, as his attorneys have against countless other publisher defendants in other pending cases before this Court and other courts, without any basis personal to Informa.  The First Amended Complaint (ECF no. 16) is replete with vague assumptions and conclusory allegations based on how Plaintiff contends the publishing industry works (not how Informa actually works), as well as information found online (like the NextMark data card dated five years after the period at issue).  Although Defendant suspected that the only basis the plaintiffs had for bringing these cases was that the plaintiffs had subscriptions with the publishers and may be able to obtain easy statutory damages under the prior version of the PPPA, that is not always the case.  Informa was previously sued[3] by another individual for identical PPPA violations, but that suit was dismissed on August 17, 2022 when it was discovered that the named Plaintiff was never actually a subscriber. *See DelValle v. Informa Media, Inc*, No. 22-00132 (W.D. Mich).  Soon thereafter, this suit was commenced with a new plaintiff but the same allegations.  After Defendant moved to dismiss the Complaint, Plaintiff amended it (ECF no. 16).  Defendant's Motion to Dismiss has been fully briefed since March 7, 2023 and the parties have been engaging in discovery since the January 2023 Case Management Order was entered (ECF no. 23).  *See* Declaration of Ana Tagvoryan filed concurrently herewith ("Tagvoryan Declaration").

---

[3] Through Plaintiff's counsel.

2

130837209

In one of the many similar pending PPPA actions brought by plaintiff's counsel, this Court just issued a decision dismissing a nearly-identical complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *See Bozung v. Christianbook, LLC,* No. 1:22-CV-304, 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023) ("*Bozung*"). Despite the dismissal, that plaintiff has attempted to cure his pleading deficiencies with evidence obtained in post-suit discovery, and a motion to vacate the judgment and amend the complaint for a second time is pending. *See Bozung v. Christianbook, LLC,* No. 1:22-CV-304, ECF nos. 58-61.

Given *Bozung,* Defendant proposed that the parties stipulate to stay discovery pending a decision on the Motion to Dismiss, since it could potentially be a waste of time and money for both sides if the Motion to Dismiss is similarly granted. When Plaintiff declined, Defendant still agreed to provide additional discovery on various items, which it has. However, in addition to vehemently opposing the proposal, and without awaiting receipt of the additional discovery or completing the meet and confer process, Plaintiff immediately filed a motion to compel. *See* ECF nos. 34 and 35. The motion to compel oddly included arguments that were never raised to Defendant prior (for example, the failure to provide privilege logs).

### III.  LEGAL STANDARD.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), for "good cause" a court may issue a protective order to protect a party from "undue burden and expense" in the form of a stay of discovery. This Court has considered the following standard for a stay motion:

> Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Han v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). "Unless it is shown that the [non-requesting party] would suffer

3

substantial prejudice from a stay of discovery, a trial court's decision to stay discovery will not be disturbed." *Grenke v. Hearst Commc'ns, Inc.*, No. 12-cv-14221, 2014 WL 6909883, at *2 (E.D. Mich. Dec. 8, 2014) (citing *Cochran v. United Parcel Servs., Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005)).

*Fluresh, LLC v. Aerco International, Inc. and R.L.Deppman*, 1:22-cv-293, ECF no. 50 (W.D.Mich. November 29, 2022) (Jarbou, J.)

Courts "might be persuaded to order a stay of discovery if it appears that the complaint will almost certainly be dismissed." *Ohio Bell Telephone Co. v. Global NAPs Ohio*, 2008 WL 641252 (S.D.Ohio March 4, 2008). *See also Anderson v. Catalina Structured Funding, Inc.*, no. 1:21-cv-197, 2021 WL 9000112 (W.D.Mich. July 1, 2021) (staying discovery pending the outcome of a motion to dismiss for failure to state a claim where the decision turned on legal issues and there was no prejudice to the opposing party); *Serenity Point Recovery, Inc. v. Blue Cross Blue Shield of Michigan,* No. 1-19-CV-620, 2021 WL 5710724 (W.D. Mich. Apr. 8, 2021) (staying discovery pending the outcome of a motion to dismiss for lack of standing because it would not prejudice the plaintiff and impacted the court's jurisdiction to hear the case).

IV.  **ARGUMENT.**

Every factor weighs in favor of staying discovery until a decision is made on Defendant's Motion to Dismiss.

   A.   **A CASE DISPOSITIVE DECISION IS MORE LIKELY THAN NOT.**

The *Bozung* decision increased the likelihood that Defendant's Motion to Dismiss will be successful.  Among other things, the dismissal was based on Bozung's reaching reliance on a 2022 NextMark data card to support the supposed disclosure of subscriber information under the PPPA during an eight-month period six years prior.  *Id.* at *4.  This Court determined that those allegations were implausible, too speculative to support a claim, and proceeded to dismiss the case

4

130837209

without leave to amend a second time. *Id*. Identical here, Plaintiff primarily relies on a 2021 NextMark data card to support the supposed disclosure of subscriber information during a three-and-a-half-month period five years prior. Given the increased chance of success on the Motion to Dismiss, and the costs and time associated with discovery, which may well be for naught, a discovery stay is justified. *See also* Fed.R.Civ.P. 1 ("These rules govern procedure in all civil actions and proceedings…[t]hey should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

### B. FURTHER DISCOVERY CANNOT CURE PLAINTIFF'S PLEADING DEFICIENCIES.

As set forth in Defendants' Motion to Dismiss and Reply, although Rule 8 has attainable standards, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" to sustain a case. *Smith v. BAC Home Loans Servicing, LP*, 552 F.App'x 473, 476 (6th Cir. 2014) (internal citations and quotations omitted). Plaintiff had the burden to appropriately state a claim, including by pleading the dates of the supposed data disclosure, the recipients of the disclosure, specifics surrounding the purported influx of junk mail he received, how it was caused by Defendant, and the dates of his subscription, among others. After one amendment, he is still unable to do so. Like *Bozung*, Plaintiff is undoubtedly hoping to find some facts in discovery, no matter how remote, to bring his otherwise canned allegations above the speculative level. But that sort of conduct flies in the face of pleading standards and the federal rules, including Rules 8 and 11, and should not be condoned. *See also Barata v. Nudelman, Klemm & Golub, P.C.,* No. CIV. 2:13-4274 KM, 2015 WL 733628, at *4 (D.N.J. Feb. 19, 2015) ("A complaint cannot go forward based on unsupported allegations, coupled with the hope that something will turn up in discovery."); *Giovanelli v. D. Simmons Gen. Contracting,* No. CIV.A 091082NLHAMD, 2010

WL 988544, at *5 (D.N.J. Mar.15, 2010) ("Discovery ... cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded.") (*citing Bell Atlantic v. Twombly*, 550 U.S. 544, 577, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Morales v. Pressler & Pressler LLP,* No. CIV.A. 15-236 JLL, 2015 WL 1736350, at *3 (D.N.J. Apr. 16, 2015) (same).

### C. PLAINTIFF WILL NOT BE PREJUDICED, LET ALONE "*SUBSTANTIALLY*" PREJUDICED BY A DISCOVERY STAY.

Plaintiff will not suffer any prejudice if discovery is stayed for a short period of time pending a decision on the Motion to Dismiss. As it stands, Plaintiff has already received various discovery responses and documents. *See* Tagvoryan Declaration. In addition, the relevant discovery cut off dates are still aways away: March 8, 2024 (ECF no. 23). The Court has indicated that the pending motions to dismiss are being reviewed as quickly as possible, and Plaintiff already waited over six years to bring this suit (*see* ECF no.23).

### V. CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that discovery be stayed pending a final determination on its Motion to Dismiss.

DATED:  March 27, 2023          Respectfully submitted,

BLANK ROME LLP

By: */s/ Ana Tagvoryan*
      Ana Tagvoryan
      ana.tagvoryan@blankrome.com
      Harrison Brown
      harrison.brown@blankrome.com
      2029 Century Park East, 6th Floor
      Los Angeles, CA 90067
      Tel.:  424.239.3400
      Fax:  424.239.3434

      Hilary F. Korman
      Hilary.korman@blankrome.com
      1271 Avenue of the Americas
      New York, New York 10020
      Tel: 212.885.5436
      Fax: 917.332.3854

Attorneys for Defendant
INFORMA MEDIA, INC.

130837209

## **CERTIFICATE OF COMPLIANCE**

The Memorandum in Support of Defendant Informa Media, Inc.'s Motion to Dismiss complies with the word count limitation of W.D. Mich LCivR 7.3(b)(i) because the brief contains 1,785 words, including headings, footnotes, citations, and quotations, and excluding the parts of the brief exempted under W.D. Mich LCivR. 7.2(c). The word count was generated using Microsoft Word.

DATED:  March 27, 2023          Respectfully submitted,

                                BLANK ROME LLP

                                By: */s/ Ana Tagvoryan*
                                        Ana Tagvoryan
                                        ana.tagvoryan@blankrome.com
                                        Harrison Brown
                                        harrison.brown@blankrome.com
                                        2029 Century Park East, 6th Floor
                                        Los Angeles, CA 90067
                                        Tel.: 424.239.3400
                                        Fax: 424.239.3434

                                        Hilary F. Korman
                                        hilary.korman@blankrome.com
                                        1271 Avenue of the Americas
                                        New York, New York 10020
                                        Tel: 212.885.5436
                                        Fax: 917.332.3854

                                Attorneys for Defendant
                                INFORMA MEDIA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys or parties of record.

By: */s/ Ana Tagvoryan*
     Ana Tagvoryan

130837209