**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MARK GOTTSLEBEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INFORMA MEDIA, INC. F/K/A PENTON MEDIA, INC.,<br><br>Defendant. | CASE NO. 1:22-cv-00866-HYJ-RSK<br>CLASS ACTION<br><br>Chief Judge Hala Y. Jarbou<br>Magistrate Judge Ray Kent |

**DEFENDANT INFORMA MEDIA, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ....................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND...........................................1

III. ARGUMENT ............................................................................................4

A. PLAINTIFF'S MOTION SHOULD BE DENIED OR STAYED UNTIL A DECISION IS MADE ON DEFENDANT'S MOTION TO STAY .............4

B. VARIOUS ARGUMENTS SHOULD BE REJECTED BECAUSE THEY WERE NEVER RAISED DURING THE MEET AND CONFER PROCESS AND OTHERWISE LACK MERIT ..........................................5

C. DEFENDANT DID NOT REFUSE TO PRODUCE RELEVANT THIRD-PARTY CONTRACTS...................................................................7

D. DISCOVERY SHOULD BE LIMITED TO THE FARM PROGRESS LINE OF MAGAZINES IDENTIFIED IN THE FIRST AMENDED COMPLAINT ..........................................................................8

E. PLAINTIFF'S ATTEMPT TO OBTAIN THE NAMES OF "ALL" WITNESSES WITH KNOWLEDGE IS OPPRESSIVE, PREMATURE, AND MISPLACED .......................................................................10

F. THE THIRD-PARTY NOTICE DISPUTE IS WITHOUT MERIT ............11

IV. CONCLUSION.........................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bailey v. Michigan Department of Corrections.*,
342 F.R.D. 420 (E.D. Mich. Nov. 2022) ....................12

*Bilek v. Fed. Ins. Co.*,
No. 21 CV 1651, 2022 WL 18912277 (N.D. Ill. Dec. 12, 2022) ....................9

*Bozung v. Christianbook, LLC.*,
No. 1:22-CV-304, 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023).................... *passim*

*Carhartt, Inc. v. Costa Del Mar, Inc.*,
No. 3:21-CV-11844-RHC-CI, 2023 WL 2505852 (E.D. Mich. Mar. 14, 2023) ....................6

*Carhatt Inc. v. Innovative Textiles, Inc.*,
333 F.R.D. 118 (E.D. Mich. 2019) ....................6

*Edwards v. Heart Communications, Inc.*,
Case No. 15-cv-09279-AT-JLC (S.D.N.Y.) ....................10

*Fallick v. Nationwide Mut. Ins. Co.*,
162 F.3d 410 (6th Cir. 1998) ....................10

*J.S.T. Corp. v. Robert Bosch LLC.*,
2019 WL 2324488 (E.D. Mich. May 30, 2019)....................11, 12

*Jacobbi v. Ansbacher L.*,
No. 3:15-CV-953-J-39JBT, 2016 WL 11578468 (M.D. Fla. July 14, 2016) ....................5

*Jagielo v. Van Dyke Public Schs.*,
2010 WL 259503 (E.D. Mich. Jan. 20, 2010)....................6

*Mey v. Enter. Fin. Grp., Inc.*,
*No*. 215CV463FTM99MRM, 2016 WL 9110357 (M.D. Fla. July 27, 2016) ....................8

*Steele v. Punch Bowl Detroit*,
LLC., 2017 WL 2821970 (E.D. Mich. June 29,2017) ....................5

*Victor Stanley, Inc. v. Creative Pipe, Inc.*,
269 F.R.D. 497 (D. Md. 2010)....................11, 12

*Wilson v. McDonald's Corp.*,
No. 14-11082, 2015 WL 13047572 (E.D. Mich. Apr. 28, 2015) ....................5

*Withrow v. FAC US LLC.*,
2021 WL 2529847 (E.D. Mich. June 2021) ... 9

**Statutes**

ERISA ... 10

**Other Authorities**

Defendant's "General" ... 5

Fed.R.Civ.P. 1 ... 5

Fed.R.Civ.P. 8 ... 1, 2

Fed.R.Civ.P. 12(b)(6) ... 1, 2

Fed.R.Civ.P. 37 ... 5

L.R. 7.1(d) ... 5

Rule 23 ... 8, 9, 10

Rule 26 ... 9

Rule 26(a)(1) ... 10, 11

Rule 26(b)(1) ... 12

## I. INTRODUCTION.

Plaintiff rushed to file this retaliatory motion to compel (ECF no. 35) (the "Motion to Compel") once he learned that Defendant, Informa Media, Inc. ("Defendant" or "Informa") was planning to file a motion to stay discovery, pending a decision on its motion to dismiss. It is respectfully requested that the Motion to Compel be stayed or denied pending a decision on the motion to stay discovery (ECF no. 38) (the "Motion to Stay Discovery) and in the interests of justice and preservation of resources. In the alternative, it is requested that the Court deny the Motion to Compel because (a) it was filed before the meet and confer process was sufficiently explored or concluded, (b) it includes discovery disputes that either have no merit, are moot, or were never raised by Plaintiff in advance, and (c) it raises issues already addressed by Informa in previous meet and confer correspondence.

## II. FACTUAL AND PROCEDURAL BACKGROUND.

On September 9, 2023, Plaintiff commenced this action (ECF no. 1) following the dismissal of an identical action because it turned out that the named plaintiff was never a subscriber of Defendant. On December 5, 2022, Informa filed its first Motion to Dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) (ECF no.14). On December 27, 2022, Plaintiff filed his First Amended Complaint (ECF no. 16) ("FAC"), and on December 29, 2022, Defendant's first Motion to Dismiss was denied as moot (ECF no. 19). Informa filed another Motion to Dismiss with respect to Plaintiff's FAC on January 10, 2023 (ECF no. 20). That motion has been fully briefed since March 7, 2023. The basis of the motion is that Plaintiff's conclusory PPPA allegations are not plausible and fail to satisfy Fed.R.Civ.P. 8, because, among other reasons, they are only supported by conclusory allegations, like Plaintiff's receipt of nondescript "junk mail" and the assertion that Plaintiff's subscriber data was disclosed without consent to unidentified third parties as supported

only by a third party data card from Nextmark dated five years later, not any factual evidence that is personal to Plaintiff. *Id.*

In addition, on March 6, 2023, Judge Jarbou, the assigned District Judge here, issued a decision dismissing a nearly-identical complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *See Bozung v. Christianbook, LLC,* No. 1:22-CV-304, 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023) ("*Bozung*"). Among other things, the dismissal was based on Bozung's reaching reliance on a 2022 NextMark data card to support the alleged disclosure of subscriber information under the PPPA during an eight-month period six years prior. *Id.* at *4. Judge Jarbou determined that those allegations were implausible, too speculative to support a claim, and proceeded to dismiss the case without leave to amend a second time. *Id*. Despite the dismissal, the plaintiff, also represented by Gottsleben's counsel, has attempted to cure his pleading deficiencies with evidence obtained in post-suit discovery, and a motion to vacate the judgment and amend the complaint for a second time is pending. *See Bozung v. Christianbook, LLC,* No. 1:22-CV-304, ECF nos. 58-61.

Separately, a case management conference was held on January 18, 2023, and a Case Management Order was entered on the same date (ECF nos. 22-23).[1] Among other things, the Case Management Order set a March 8, 2024 discovery deadline. Plaintiff served Requests for Production of Documents and Interrogatories on the same date. Timely responses, following an agreed upon extension of time, were served on February 22, 2023, along with a variety of

---

[1] At the CMC, counsel for Informa raised the possibility of a limited stay pending a motion to dismiss, and Magistrate Judge Kent opined that absent unique or exceptional circumstances, Judge Jarbou would likely not grant a stay. Respecting that advice, Informa waited until unique or exceptional circumstances arose upon which to file the Motion to Stay.

documents bates stamped INFORMA000001- INFORMA000012.[2] Plaintiff thereafter requested to meet and confer by phone. Plaintiff did not provide a written outline of the discovery issues in advance. The parties conferred on March 8, 2023. The parties discussed some of the issues referenced on page 2 of Plaintiff's Motion to Compel, but several others as well. However, Plaintiff never raised, and the parties never discussed (including through today's date) that (1) Informa's Responses and Objections impermissibly include "General Objections" and fail to indicate whether any responsive materials are being withheld on the basis of the objections; and (2) that "Defendant failed to produce a privilege log despite levying privilege-based objections." In addition, Informa repeatedly attempted to strike compromises on Plaintiff's demands, including by offering to provide putative class figures relating to Michigan resident subscribers (like Plaintiff) to the Farm Progress line of Magazines referenced in paragraph 18 of the FAC, but Informa's attempts were rejected. Surprisingly, nowhere during this conversation did Plaintiff's counsel mention the *Bozung* decision (which Plaintiff failed to mention in his Motion to Compel, too). Informa independently discovered the decision a few days later and proposed the discovery stay at the parties' follow-up meet and confer a week after their first discussion, on March 15, 2023. When the parties had that follow-up meet and confer, and despite Informa's request to stay discovery for a short period of time (which Plaintiff immediately rejected), Informa still agreed to produce a variety of additional documents and information, some of which are the subject of this

[2] On p. 2 of his Motion to Compel, Plaintiff incorrectly asserts that only a single document was produced. Plaintiff seemingly overlooked all of the documents that were actually produced. The referenced responses, found at Exhibit 1 of Plaintiff's Opposition (ECF no.35-4), attach more than one document and **omit** some of the other documents produced by Informa on that date. In addition, the parties agreed to a rolling production deadline through April 17, 2023, so there was no obligation or requirement that all responsive documents be produced on that date (ECF no. 21).

instant Motion to Compel (*see* Exhibit A). Informa also indicated that its notice to relevant third parties was in progress as Informa was still working to identify them.

Before awaiting the additional documents and responses, and disregarding Informa's intention to move to stay discovery, Plaintiff filed this Motion to Compel the next day, raising several new issues for the first time. This failure to engage in a good faith meet and confer before filing a motion to compel, along with their attempts to move on moot issues, appears to be a recurring theme with Plaintiff's counsel that has caused the denial of other unjustified motions to compel. *See Bozung,* ECF nos. 40 & 47.

On March 20, 2023, as a follow up to the meet and confer calls, Informa served amended interrogatories responses (*see* Exhibit B), amended initial disclosures (*see* Exhibit C), and produced a variety of additional documents. Informa has not heard anything from Plaintiff since. On March 27, 2023, Informa filed its motion to stay discovery (ECF no.38) ("Motion to Stay Discovery").

## II. ARGUMENT.

### A. PLAINTIFF'S MOTION SHOULD BE DENIED OR STAYED UNTIL A DECISION IS MADE ON DEFENDANT'S MOTION TO STAY.

Informa respectfully requests that the Court exercise its discretion to stay or deny the Motion to Compel until a decision is made on the Motion to Stay. Plaintiff's Motion to Compel was intentionally rushed to filing, without conducting an adequate meet and confer, to "beat" the filing of Informa's Motion to Stay. As described above and in the Motion to Stay, it is not a run-of-the-mill stay request—the *Bozung* decision significantly increased the likelihood that Defendant's Motion to Dismiss will be successful, and the burden and expense of what may rightfully be unnecessary discovery clearly outweighs Plaintiff's desire to obtain discovery, especially where Plaintiff will be unable to correct his pleading deficiencies in discovery and where

he will suffer no prejudice given the longer-than-average discovery deadline and fact that Plaintiff already waited over six years to bring this case. *See Wilson v. McDonald's Corp.,* No. 14-11082, 2015 WL 13047572, at *3 (E.D. Mich. Apr. 28, 2015) (staying motion to compel pending a decision on a dispositive motion, in the interests of justice, where there was no real prejudice to the opposing party); *Jacobbi v. Ansbacher L.,* No. 3:15-CV-953-J-39JBT, 2016 WL 11578468, at *1 (M.D. Fla. July 14, 2016) (denying plaintiff's motion to compel without prejudice in light of the discovery stay pending a decision on motion to dismiss); *see also* Fed.R.Civ.P. 1 ("These rules govern procedure in all civil actions and proceedings…[t]hey should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

### B. VARIOUS ARGUMENTS SHOULD BE REJECTED BECAUSE THEY WERE NEVER RAISED DURING THE MEET AND CONFER PROCESS AND OTHERWISE LACK MERIT.

Sections III and VIII of the Motion to Compel, which argue that (1) Defendant's "General" and boilerplate objections fail to articulate their basis with specificity and do not identity whether documents were withheld and (2) Defendant failed to provide a privilege log and its privilege objections should be deemed waived, and should both be denied out of hand. They were never raised to Informa before the Motion to Compel was filed and violate Fed.R.Civ.P. 37 and L.R. 7.1(d). *See Steele v. Punch Bowl Detroit*, LLC, 2017 WL 2821970, at *1 (E.D. Mich. June 29,2017) (denying plaintiff's motion to compel where plaintiff's efforts to "seek concurrence prior to filing his motion . . . were cursory and flippant at best"). Like the First Amended Complaint, the arguments appear to be recycled from other motions to compel (*see Bozung*, ECF no. 37, Sections II and V).

Even putting aside the procedural infirmities, the arguments lack merit, too. With respect to argument one, Plaintiff fails to indicate which of Informa's objections supposedly lack specificity, and the responses Plaintiff attached as Exhibits 3 and 4 of the Motion to Compel show otherwise. The responses also set forth what documents were withheld. *See*, for example, Response to Request for Production No.1 (at Plaintiff's Exhibit 3):

> Defendant objects to this request as over as overbroad, irrelevant, and outside the scope of the allegations in the complaint, which are specific to Plaintiff's alleged magazine subscription with Michigan Farmer and the purported disclosure thereof. Defendant also objects as unduly burdensome, disproportional, vague and ambiguous as to the phrase "all documents and communications." Defendant also objects to the extent this request seeks attorney-client privilege communications and attorney-work product. Notwithstanding these objections, and without waiving them, relevant and responsive documents regarding plaintiff's subscription/renewals through July 30, 2016 and any documents or correspondence related thereto will be produced.

As to argument two, Informa can confirm that no responsive documents that existed pre-suit have been withheld on the basis of attorney-client privilege and thus there is no privilege log to produce. If and when discovery proceeds and responsive, privileged documents are uncovered, a privilege log will be provided. No privilege log is warranted for documents post-filing of the lawsuit. *See Carhartt, Inc. v. Costa Del Mar, Inc.*, No. 3:21-CV-11844-RHC-CI, 2023 WL 2505852, at *5 (E.D. Mich. Mar. 14, 2023) (Documents dated after the filing of the lawsuit containing privileged and/or work product material relating to the lawsuit do not require a privilege log). Further, the cases Plaintiff cited on pages 17 and 18 of his Opposition do not support that Informa "waived" its right to withhold documents on the basis of any privilege because Informa has not withheld documents. *See e.g., Jagielo v. Van Dyke Public Schs*., 2010 WL 259503, at *2 (E.D. Mich. Jan. 20, 2010) (party produced document with privilege redactions without producing a privilege log); *Carhatt Inc. v. Innovative Textiles, Inc*., 333 F.R.D. 118, 119 (E.D. Mich. 2019)

(challenging the sufficiency of entries on a 136-page privilege log that listed more than 1,000 documents withheld as attorney-client or work product privileged). Plaintiff does not cite any authority supporting his request that the Court find that Informa "waived" its right to withhold documents on the basis of any privilege under these facts.

### C. DEFENDANT DID NOT REFUSE TO PRODUCE RELEVANT THIRD-PARTY CONTRACTS.

In Section IV of Plaintiff's Motion to Compel, he argues that Request for Production no.2 calls for the contracts and agreements governing the disclosures at issue and that the contracts are relevant. First, Informa never suggested that the agreements were irrelevant. Second, Informa has already provided Plaintiff with certain template agreements. Third, the request does not simply call for the agreements --- it calls for "*all* documents and communications that refer to, reflect or relate to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point subscribed to any INFORMA MEDIA…" Among other things, Informa objected to the request as overbroad because it is not limited to the Michigan resident class or the Farm Progress line of magazines, like that to which Plaintiff subscribed. *See* Motion to Compel, Exhibit 3. During the meet and confer process, Informa offered to produce the relevant list rental agreements to the extent they pertain to Michigan subscribers of the Farm Progress line of publications during the relevant period (*see* Exhibit A). Plaintiff never responded to the offer and immediately filed the Motion to Compel, complaining that the list rental agreements are only a subset of the potentially actionable disclosures to third parties. Again, in Plaintiff's haste and failure to conclude the meet and confer process, he overlooked that Informa previously informed him that it only worked with list brokers during the relevant period and scope—not data aggregators or appenders.

### D. DISCOVERY SHOULD BE LIMITED TO THE FARM PROGRESS LINE OF MAGAZINES IDENTIFIED IN THE FIRST AMENDED COMPLAINT

Plaintiff, a subscriber of *Michigan Farmer* magazine, defines the proposed class as "all Michigan residents who, at any point during the relevant pre-July 2016 time period, had their Private Reading Information disclosed to third parties by *Informa* without consent." FAC, ¶ 57 (*emphasis added*). The FAC makes purported factual allegations regarding Informa's practices as limited to the Farm Progress line of magazines of which Michigan Farmer is a part. *See* FAC, ¶¶ 3, 13, 18, 49, 52. Indeed, even the NextMark data card attached as Exhibit 1 to the FAC, and on which Plaintiff relies, is limited to the Farm Progress line.[3] In addition, *Michigan Farmer* is one of the agricultural magazines in Informa's Farm Progress line of magazines, of which there are seventeen local, state and regional brands and six national brands. Plaintiff does not have any basis, either in the pleading or otherwise, to justify a broad sweep of discovery across all publications not at issue in the case, much less demonstrate that there is any evidentiary support for broadening the class claims at issue to other publications.

Even more importantly, other Informa publications relate to completely different industries (outside of agriculture), are run by different employees in different divisions, and are subject to different practices and procedures. In addition to the stark lack of commonality, typicality, and predominance under Rule 23, the unreasonably broad interpretation of the class claims would require burdensome, non-proportional, independent reviews of the data sharing practices and records of each of the litany of publications. Courts routinely limit discovery when such unwieldly and overbroad class definitions are proposed. *See Mey v. Enter. Fin. Grp., Inc., No.* 215CV463FTM99MRM, 2016 WL 9110357, at *4 (M.D. Fla. July 27, 2016) (denying a motion

[3] The NextMark data card that Plaintiff primarily relies upon in the First Amended Complaint (paragraph 2) refers only to an "agricultural Masterfile," not *all* Informa publications.

to compel and limiting the scope of class discovery to that which was factually supported by the complaint—telemarketing calls by defendant on behalf of one company, rather than all companies that defendant called on behalf of, even though the class definitions were broader); *Bilek v. Fed. Ins. Co.*, No. 21 CV 1651, 2022 WL 18912277, at *3 (N.D. Ill. Dec. 12, 2022) ("Pre-certification discovery 'must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification, but at the same time, a defendant should be protected from overly burdensome or irrelevant discovery.'")

Had Plaintiff considered these facts and engaged in a meaningful meet and confer, he would have discovered that his position that "there is plainly no material distinction between Defendant's disclosure of information concerning a purchase of one of its publications versus a purchase of another of its publications" is incorrect, and plainly unsupported by the actual allegations in the FAC, which, again, are clearly limited to Farm Progress line of magazines. *See* Motion to Compel, p. 11. In addition, the Rule 26 issues overlap with the Rule 23 issues because the practices of the non-Farm Progress magazines are irrelevant – Plaintiff was not subject to them, they are different from how Farm Progress operates, and they do not all encompass Michigan subscribers anyway. Indeed, Plaintiff also fails an Article III standing showing with respect to the other publications. "The proper jurisdictional question is not whether the named plaintiffs have standing in some blanket sense. Nor is it whether they have standing to bring some claims. The proper jurisdictional question is whether the named plaintiffs have standing to pursue *each* and *every* claim of their complaint." *Withrow v. FAC US LLC*, 2021 WL 2529847 *7-*8 (E.D. Mich. June 2021) (differentiating standing inquiry from Rule 23 and finding lack of standing where plaintiff tried to pursue claims on behalf of absent class members that he himself did not possess).

Plaintiff cites *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 423 (6th Cir. 1998) for the proposition that an individual can represent a class of participations in numerous other ERISA plans besides his own [or in this case, publications], *if the gravamen of the plaintiff's challenge is to the general practices which affect all plans."* But, Plaintiff does not allege any facts outside of Farm Progress, much less any that conclude that Informa's general disclosure practices were uniform across all publications—**there is not a single allegation regarding other publications**. Second, *Fallick* was more of a Rule 23 dispute rather than an Article III standing issue. Also, Plaintiff's attempted comparison to *Edwards v. Heart Communications, Inc.,* Case No. 15-cv-09279-AT-JLC (S.D.N.Y.) does not help either – the issue here is not who the disclosure was made to and what the harm was – it is who the disclosure was purportedly made by and how the different publications have separate and distinct practices that are grossly outside of the scope of Plaintiff's actionable claims here.

### E. PLAINTIFF'S ATTEMPT TO OBTAIN THE NAMES OF "ALL" WITNESSES WITH KNOWLEDGE IS OPPRESSIVE, PREMATURE, AND MISPLACED

On page 13 of the Motion to Compel, Plaintiff contests Defendant's designation of Sarah Hess, Senior Director of Operations for Farm Progress at Informa Media, as a witness with knowledge in its first Rule 26(a)(1) disclosures and its response interrogatories. Plaintiff argues that there must be more individuals with knowledge than Sarah Hess, and points to another individual at Informa that Plaintiff located online, Jennifer Schumar, that he believes should have been designated, too.

But Plaintiff's complaint is unfounded. To start, Rule 26(a)(1) only requires Informa to provide "the name…of each individual likely to have discoverable information…*that the disclosing party may use to support its claims or defenses."* (emphasis added). Informa has selected Ms. Hess to support its claims and defenses under the rule. In addition, Plaintiff's

improper request in Interrogatory no.1 for "*all* persons with knowledge of YOUR DISCLOSURES of subscribers' PERSONAL READING INFORMATION" was objected to on various grounds, including that the request was patently overbroad and outside the scope of the Michigan resident class. *See* Plaintiff's Exhibit 3. Plaintiff ignores Informa's legitimate objections and continues to demand "all" witnesses with knowledge without articulating why disclosing "all witnesses," including lower-level employees that have less knowledge than Sarah Hess, are necessary, outside of engaging in a panoply of oppressive and duplicative depositions for settlement leverage. If Plaintiff wishes to pursue Jennifer Schumar as a witness, he is free to do so, subject of course to objections from Informa, all of which are reserved.

In addition, in another unreciprocated attempt at compromise, Informa amended its Rule 26(a)(1) disclosures and interrogatory responses to provide another individual with knowledge – Toni Cumberbatch, Senior Director, Data Monetization at Informa Media, Inc. (*See* Exhibits B and C). Plaintiff filed this motion before awaiting those amendments, and Plaintiff's position post-amendment is unclear.

**F. THE THIRD-PARTY NOTICE DISPUTE IS WITHOUT MERIT**

Informa disputes that it has any legal obligation to notify third parties that it once had a business relationship with—and no modicum of control or special relationship—and demand a litigation hold. The non-binding, district court level decisions Plaintiff cites in his Motion to Compel, *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D. Md. 2010) and *J.S.T. Corp. v. Robert Bosch LLC*, 2019 WL 2324488, at *8 (E.D. Mich. May 30, 2019), are not comparable or illustrative–they do not involve PPPA claims, they do not involve purchase orders or list rentals amongst independent parties, and they reference a history of production disputes and violated court orders. The decisions speak generally of the need to take steps to preserve evidence where there is a *special relationship* (like a representative relationship) or unique circumstances

(such as influence or control) over a third party that warrants it, keeping the costs, burdens, and proportionalities in mind. *Id.* "Special relationship" is not defined and appears to be a case-by-case determination. *Id.* *Victor Stanley* even highlights that "in terms of what a party must do to preserve potentially relevant evidence, case law is not consistent across the circuits, or even within individual districts." 269 F.R.D. at 523. Moreover, in this Circuit, "[t]he scope of a party's duty to preserve is the same as the scope of discovery articulated in [Federal Rule of Civil Procedure] 26(b)(1) ….Thus, parties must preserve evidence that is relevant to a claim or defense and proportionate to the needs of the case. Rule 26(b)(1)." *Bailey v. Michigan Department of Corrections*, 342 F.R.D. 420, 425 (E.D. Mich. Nov. 2022).

Here, Informa only had routine, contractual business relationships with list brokers and advertisers for purposes of list rental. These parties were third parties to work orders and contracts and were not agents or representatives of Informa, nor were they service providers or the like. They were all quintessentially independent. The list brokers simply solicited list renters independent of Informa and one or the other utilized mailing houses to send direct marketing materials based on Informa's records. Neither the list renters nor the list brokers ever had access to Informa subscriber information, and Informa had no relationship with the list renters or mailing houses. This sort of routine, independent business relationship does not rise to the level of a "special relationship" which calls for broader-than-normal, onerous, document preservation obligations. Nor would Informa be able to identify the proper custodians to whom a notice could be sent.[4]

In any event, Informa indicated it would investigate and notify relevant third parties it worked with to preserve documents, despite Plaintiff's representations (Plaintiff's Motion to

[4] Informa cannot "demand" any preservation from third parties.

Compel, Section VII). Within the week between when Plaintiff raised the issue and then followed up, Informa was still completing the review, and indicated that the notices were "in progress." Rather than permitting Informa to complete its review and to draft the notices, Plaintiff simply filed this Motion to Compel and falsely claimed that Informa refused to serve the notices.

## III. CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that the Motion to Compel be stayed or denied pending a decision on the Motion to Stay. In the alternative, Defendant requests that the Motion to Compel be denied on its merits.

DATED: March 30, 2023

Respectfully submitted,

BLANK ROME LLP

By: */s/ Ana Tagvoryan*

Ana Tagvoryan
ana.tagvoryan@blankrome.com
Harrison Brown
harrison.brown@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel.: 424.239.3400
Fax: 424.239.3434

Hilary F. Korman
Hilary.korman@blankrome.com
1271 Avenue of the Americas
New York, New York 10020
Tel: 212.885.5436
Fax: 917.332.3854

Attorneys for Defendant
INFORMA MEDIA, INC.

**CERTIFICATE OF COMPLIANCE**

The Opposition to Plaintiff's Motion to Compelcomplies with the word count limitation of W.D. Mich LCivR 7.3(b)(i) because the brief contains 3,767 words, including headings, footnotes, citations, and quotations, and excluding the parts of the brief exempted under W.D. Mich LCivR. 7.2(c). The word count was generated using Microsoft Word.

DATED: March 30, 2023

Respectfully submitted,

BLANK ROME LLP

By: */s/ Ana Tagvoryan*

Ana Tagvoryan
ana.tagvoryan@blankrome.com
Harrison Brown
harrison.brown@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel.: 424.239.3400
Fax: 424.239.3434

Hilary F. Korman
hilary.korman@blankrome.com
1271 Avenue of the Americas
New York, New York 10020
Tel: 212.885.5436
Fax: 917.332.3854

Attorneys for Defendant
INFORMA MEDIA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys or parties of record.

By: *<u>/s/ Ana Tagvoryan</u>*
Ana Tagvoryan