**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MARK GOTTSLEBEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INFORMA MEDIA, INC. F/K/A PENTON MEDIA, INC.,<br><br>Defendant. | CASE NO. 1:22-cv-00866-HYJ-RSK<br>CLASS ACTION<br><br>Chief Judge Hala Y. Jarbou<br>Magistrate Judge Ray Kent |

**DEFENDANT, INFORMA MEDIA INC'S RESPONSE TO**
**PLAINTIFF'S MARCH 31, 2023 NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Informa Media, Inc. ("Defendant" or "Informa") hereby submits this Response to Plaintiff, Mark Gottsleben's ("Plaintiff" or "Gottsleben") Notice of Supplemental Authority (ECF No. 40-1) ("NSA") regarding *Batts v. Gannett Co.*, Case No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023) (ECF No. 40-1).

*Batts* has no persuasive or comparative value in this case or with respect to Defendant's pending motion to dismiss (ECF No. 20) (the "Motion"). The two primary arguments in Defendant's Motion are: (1) whether the Michigan Governor and Supreme Court's Executive[1] and Administrative Orders[2] (the "Orders") issued at the height of the COVID-19 pandemic toll the PPPA's statute of limitations for 101 days; and (2) whether Plaintiff's reliance on a third-party NextMark card dated five years beyond the period at issue, in conjunction with conclusory

[1] Executive Order Nos. 2020-58 and 2020-122.

[2] 2020-3, 2020-8, and 2020-18, promulgated by the Michigan Supreme Court on March 23, 2020, May 1, 2020, and June 12, 2020.

allegations and assumptions about Defendant's purported disclosure of plaintiff and the putative class members' "Personal Reading Information," are enough to state a claim under Fed.R.Civ.P. 12(b)(6).

Neither the *Batts* decision nor the briefing which led to the decision (*see* Case No. 4:22-cv-10685, ECF Nos. 18 & 21) questioned the applicability of the Orders to a federal putative class action. They also did not substantively address or examine the arguments raised in the Motion from a Fed.R.Civ.P. 8 or 12(b)(6) perspective (in fact, there is no mention of a NextMark data card). The defendant instead argued that the plaintiff's allegations failed on their merits (by use of a supporting declaration) and because the plaintiff lacked Article III standing. *Id.* And, despite Gottsleben's claim in the NSA that *Batts* considered and rejected *Nashel v. The New York Times Co.,* 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022), *Batts* only cited the decision for the purpose of indicating that the defendant filed a notice of supplemental authority with respect to the decision. *Batts*, p.2, n.2. The decision does nothing else to distinguish *Nashel*. *Id.*

Finally, although *Batts* also determined that Batt's PPPA claim was subject to a six-year statute of limitations, Informa likewise did not directly challenge the applicability of a six year statute of limitations in its Motion; rather, it reserved that argument.

DATED: April 6, 2023

Respectfully submitted,

BLANK ROME LLP

By: */s/ Ana Tagvoryan*

Ana Tagvoryan
ana.tagvoryan@blankrome.com
Harrison Brown
harrison.brown@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel.: 424.239.3400
Fax: 424.239.3434

Hilary F. Korman
Hilary.korman@blankrome.com
1271 Avenue of the Americas
New York, New York 10020
Tel: 212.885.5436
Fax: 917.332.3854

Attorneys for Defendant
INFORMA MEDIA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys or parties of record.

By: *<u>/s/ Ana Tagvoryan</u>*
Ana Tagvoryan