UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK GOTTSLEBEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INFORMA MEDIA, INC. F/K/A PENTON MEDIA, INC.,<br><br>Defendant. | CASE NO. 1:22-cv-00866-HYJ-RSK<br>CLASS ACTION<br><br>Chief Judge Hala Y. Jarbou<br>Magistrate Judge Ray Kent |

**DEFENDANT, INFORMA MEDIA INC'S RESPONSE TO
PLAINTIFF'S MAY 3, 2023 NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Informa Media, Inc. ("Defendant" or "Informa") hereby submits this Response to Plaintiff, Mark Gottsleben's ("Plaintiff" or "Gottsleben") Notice of Supplemental Authority (ECF No. 48) ("NSA") regarding a decision in *Gaines v. National Wildlife Federation,* Case No. 22-11173, ECF No. 35 (E.D. Mich. May 1, 2023) (ECF No. 48-1).

Initially, Defendant objects to Plaintiff's continued filings of notices of supplemental authority that include commentary and argument without leave of court.[1]  Briefing on Defendant's motion to dismiss (ECF No. 20) (the "Motion") has been closed since March 7, 2023[2] and Plaintiff's filings are improper.

In any event, *Gaines* determined that the plaintiff stated a plausible PPPA claim because, among other things, "the Amended Complaint here sufficiently addresses the time gap between

---

[1] *See* ECF No. 40 and the instant NSA. Plaintiff previously filed another supplemental authority request, but it was filed as a motion requesting leave.  *See* ECF no.29.

[2] *See* ECF no. 33.

1

131166640

the pre-July 2016 period and the 2022 data card. More specifically it alleges (1) defendant advertised a similar data card during the pre-July 31, 2016 period; and (2) during relevant pre-July 31, 2016 period, NextMark offered to provide renters access to the mailing list titled "Ranger Rick Marketing Genetics Masterfile," which contains the PRI of all 753,350 of NWF's then-active and recently expired U.S. subscribers at a base price of "$105.00/M [per thousand]," (i.e., 10.5 cents apiece)." *See Gaines* at pp. 11-12.  The court distinguished those facts from the facts in other PPPA cases[3] where motions to dismiss were granted, like in *Bozung v. Christianbook, LLC*, 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023) (Jarbou, J.). The court noted that, in contrast to the *Gaines* plaintiff, the *Bozung* plaintiff did not "sufficiently address[] the time gap between the pre-July 2016 period and the 2022 data card." *Id.* at pp. 10-11.  The court summarized that in *Bozung*:

> [T]he court found the plaintiff's reliance on a 2022 data card problematic because it post-dated the relevant period by several years. Bozung, 2023 WL 2385004, at *5. The court found deficient plaintiff's attempt to remedy the time gap by alleging that the "same 'datacard,' with the same rates shown above, was also publicly advertised by Defendant during the relevant pre-July 31, 2016 time period, with a slightly different title." Id. While the internet link identified in the complaint for the 2016 data card was broken, the plaintiff alleged that the link "was accessible during the relevant pre-July 31, 2016 time period[.]" Id. The court concluded, however, that it made little sense that a data card from 2016 was the "same" as the one from 2022 given that the latter would have contained different information than one from 2016. Based on the foregoing, the court concluded that the allegations in the complaint left the reader to speculate about "what information was advertised in the card from 2016." Id.

*Id.* Similarly, with respect to *Nashel and Robinson v. The New York Times Company,* 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022), which also dismissed a PPPA case filed by plaintiff's counsel where the plaintiff only alleged the existence of a data card that *predated* the relevant period by several years, the court said: "[l]ike the complaint in *Bozung*, the complaint in *Nashel*

---

[3] Filed by plaintiff's counsel.

2

131166640

did not contain the specific allegations regarding the data offered for sale during the relevant pre-July 31, 2016 period and that the defendant sold and disclosed that information." *Gaines,* pp. 13-14.

Applying the *Gaines* court's reasoning and the facts alleged here, it is all the more apparent that the claims are not plausible, and should be dismissed. The First Amended Complaint (ECF no. 16) (the "FAC") states: "[f]or example, Informa, through list broker NextMark, Inc. ("NextMark"), offers to provide renters access to the mailing list titled "US Agriculture Masterfile (formerly Agbase) from Informa Mailing List", which contains the Private Reading Information of all 2,216,763 of Informa's active and recently expired U.S. subscribers at a base price of "$150.00/M [per thousand]," (i.e., 15.0 cents apiece) (and attaching a data card reflecting "COUNTS THROUGH *05/19/2021*")…[t]he same or a substantially similar "data card" as the one shown above, with the same or similar rates and advertised demographic and personal information about each U.S. based purchaser of a subscription as listed above, was also publicly advertised by Informa as far back as the beginning of 2015 and throughout the entire pre-July 31, 2016 time period." *See* ¶ 2. Like *Bozung* and *Nashel,* and unlike *Gaines*, Plaintiff fails to sufficiently allege the contents or existence of a NextMark data card that supports that Informa engaged in data sharing practices in violation of the PPPA during the narrow April 15, 2016 to July 30, 2016 period at issue (and Plaintiff fails to even offer a broken internet link to a data card, as the *Bozung* plaintiff did).

131166640

DATED:  May 10, 2023    Respectfully submitted,

BLANK ROME LLP

By: */s/ Ana Tagvoryan*
      Ana Tagvoryan
      ana.tagvoryan@blankrome.com
      Harrison Brown
      harrison.brown@blankrome.com
      2029 Century Park East, 6th Floor
      Los Angeles, CA 90067
      Tel.:  424.239.3400
      Fax:  424.239.3434

      Hilary F. Korman
      Hilary.korman@blankrome.com
      1271 Avenue of the Americas
      New York, New York 10020
      Tel: 212.885.5436
      Fax: 917.332.3854

*Attorneys for Defendant*
*INFORMA MEDIA, INC.*

131166640

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys or parties of record.

      By: */s/ Ana Tagvoryan*
           Ana Tagvoryan

131166640